1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN LEE ALDERMAN,

                    Plaintiff,

        v.

PIERCE COUNTY PROSECUTOR'S
OFFICE, et al,

                    Defendants.

Case No. 3:17-cv-05171-RBL-TLF

REPORT AND RECOMMENDATION

Noted for July 7, 2017

<u>INTRODUCTION</u>

        The plaintiff, an inmate at the Stafford Creek Corrections Center, proceeds *in forma pauperis* in this Section 1983 claim, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). The complaint must contain factual allegations that, if accepted as true, are sufficient to state a claim to relief that is facially plausible. *Nordstrom v. Ryan,* 762 F.3d 903, 908 (9th Cir. 2014). A federal district court is required to liberally construe a pro se pleading and may dismiss a pro se complaint without leave to amend only if the Court is convinced "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017) (quoting *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000)).

        In his complaint, the plaintiff alleges that the Pierce County Prosecutor's Office and individual prosecutors within that office violated his constitutional rights by bringing fictitious

1  criminal charges against him and using threats to force him into "[p]leading to charges that I did

2  not Do." Dkt. 1-2, pp. 4-5. The Court informed the plaintiff that prosecutorial immunity applied

3  to these allegations, under *Imbler v. Pachtman*, 424 U.S. 409, 427-430 (1976). The Court

4  imposed a deadline of April 14, 2017 for plaintiff to cure the deficiencies in the complaint and

5  file his amended complaint or file a response to the show cause order. Dkt. 5.

6      For the reasons set forth below, the undersigned recommends that the Court dismiss this

7  action with prejudice prior to service because the plaintiff failed to respond to the undersigned's

8  order to show cause and failed to cure the deficiencies in his complaint.

9                                   DISCUSSION

10  I.    Screening under 28 U.S.C.A. § 1915(e)(2) and 28 U.S.C. § 1915A(a),(b)

11      The Court is required to screen *in forma pauperis* prisoner complaints and must dismiss

12  the complaint "at any time if the [C]ourt determines" that the action: (a) is frivolous, or (b)

13  malicious, or (c) 'fails to state a claim on which relief may be granted' or (d) "seeks monetary

14  relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)[1]; 28 U.S.C. §

15  1915A(a),(b).[2] A prisoner proceeding *in forma pauperis* may only have three dismissals

16

17

18  [1] (e)**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court
    shall dismiss the case at any time if the court determines that--
    **(A)** the allegation of poverty is untrue; or

19  **(B)** the action or appeal--
    **(i)** is frivolous or malicious;

20  **(ii)** fails to state a claim on which relief may be granted; or
    **(iii)** seeks monetary relief against a defendant who is immune from such relief.

21

22  28 U.S.C.A. § 1915(e)(2) (West)

23  [2] **(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as
    practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a

24  governmental entity or officer or employee of a governmental entity.

25

REPORT AND RECOMMENDATION - 2

1    ("strikes") under 28 U.S.C. § 1915(g). [3]  An order of dismissal under Section 1915(g) includes

2    dismissals due to frivolousness, maliciousness, and a failure to state a claim.

3    A prosecuting attorney is entitled to absolute immunity from liability for damages under

4    42 U.S.C. § 1983  regarding acts or omissions that fall within the quasi-judicial role that is part

5    of the traditional charging and prosecution function. *Imbler v. Pachtman*, 424 U.S. 409, 427-430

6    (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in

7    a quasi-judicial capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986). Prosecutorial

8    immunity applies "even if it leaves 'the genuinely wronged defendant without civil redress

9    against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Ashelman*,

10    793 F.2d at 1075 (quoting *Imbler v. Pachtman,* 424 U.S. at 427).

11    Mr. Alderman's complaint contains allegations that the defendants brought false charges,

12    (rather than allegations of fabricated evidence) against him and threatened him into pleading to

13    ―――――――――――――――――――――――――――――――――――――

14    **(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the
complaint, or any portion of the complaint, if the complaint--

15    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
**(2)** seeks monetary relief from a defendant who is immune from such relief.

16    **(c) Definition.**--As used in this section, the term "prisoner" means any person incarcerated or
detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent

17    for, violations of criminal law or the terms and conditions of parole, probation, pretrial release,
or diversionary program.

18

19    28 U.S.C.A. § 1915A (West)

20    [3] **(g)** In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or
proceeding under this section if the prisoner has, on 3 or more prior occasions, while

21    incarcerated or detained in any facility, brought an action or appeal in a court of the United
States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

22    upon which relief may be granted, unless the prisoner is under imminent danger of serious
physical injury.

23    28 U.S.C.A. § 1915(g) (West)

24

25

REPORT AND RECOMMENDATION - 3

1    crimes he contends he did not commit. Dkt. 1-2, pp. 4-5. Therefore he has not alleged facts to

2    show that any of the named defendants' acts or omissions would fall outside his or her official

3    scope of quasi-judicial functions as a prosecutor. *See Milstein v. Cooley*, 257 F.3d 1004, 1011-

4    1013 (9th Cir. 2001) (allegations of fabricated evidence are allegations that do not fit within the

5    affirmative defense of absolute prosecutorial immunity, but an allegation concerning initiation of

6    a prosecution by indictment does fit within absolute immunity); *Lacey v. Maricopa County,* 693

7    F.3d 896, 912-914 (9th Cir. 2012) (evaluating which functions of a prosecuting attorney are, or

8    are not, quasi-judicial in nature in order to determine whether absolute prosecutorial immunity

9    should apply to a particular set of allegations). Because of this, under 28 U.S.C. §§ 1915

10   (e)(2)(B)(iii), 1915 A(b)(2), it would seem beyond doubt that prosecutorial immunity applies to

11   the plaintiff's complaint on its face.

12        If his allegations had been related to a prosecuting attorney's investigatory activities and

13   included facts regarding fabricated evidence -- rather than the existing allegations about charging

14   decisions and guilty plea negotiations -- Mr. Alderman's complaint would have arguably raised

15   claims under the Fourteenth Amendment right to due process of law. *See generally, Spencer v.*

16   *Peters,* 857 F.3d 789 (9th Cir. 2017) (The Fourteenth Amendment prohibits state officials from

17   fabricating evidence to support a criminal charge). As it stands, Mr. Alderman's complaint only

18   alleges facts that would support an affirmative defense of absolute prosecutorial immunity. The

19   screening statutes allow for dismissal due to an affirmative immunity defense, even if it has not

20   yet been raised by the defendant. 28 U.S.C. § 1915A(a),(b)(2); *Chavez v. Robinson*, 817 F.3d

21   1162, 1167-1168 (9th Cir. 2016).

22   II.    The complaint should be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and
            1915A(b)(1)-(2)

23

24        A pro se complaint must be liberally construed. *Mangiaracina v. Penzone,* 849 F.3d

25

1   1191, 1195 (9th Cir. 2017). Mr. Alderman's complaint appears to be presented in good faith, and

2   is not an example of ludicrous, flagrantly false, spurious allegations that would justify

3   categorizing this complaint as frivolous (lacking an arguable basis either in law or in fact) or

4   malicious (intending or desiring to harm another). *Neitzke v. Williams,* 490 U.S. 319, 325, 329-

5   331 (1989) (holding that not every complaint that is dismissed for failure to state a claim would

6   also be "frivolous" under 28 U.S.C. §1915); *Andrews v. King,* 398 F.3d 1113, 112 (9th Cir. 2005)

7   (describing the legal standards for determining whether a complaint should be considered

8   frivolous, or malicious). Therefore, the complaint would *not* fall under 28 U.S.C. §

9   1915(e)(2)(B)(i) or the first two clauses of § 1915A(b)(1).

10          However, when a complaint consists only of allegations that are completely covered by

11   the affirmative defense of absolute prosecutorial immunity, it is appropriate to dismiss the

12   complaint pursuant to FRCP 12(b)(6). *See Milstein v. Cooley*, 257 F.3d 1004, 1007, 1013 (9th

13   Cir. 2001) (upholding a district court's decision to grant 12(b)(6) motion to dismiss to the extent

14   that defendants' actions were covered by absolute prosecutorial immunity). When dismissing a

15   complaint pursuant to FRCP 12(b)(6), leave will be granted to amend, unless "the pleading could

16   not possibly be cured by allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127-1130

17   (9th Cir. 2000). The legal standard for failure to state a claim under 28 U.S.C. §1915 incorporates

18   the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure (FRCP)

19   12(b)(6). *Wilhelm v. Rotman,* 680 F.3d 1113, 1121 (9th Cir. 2012).

20          The Court held in *Ashcroft v. Iqbal,* 680 U.S. 662, 678 (2009): "sufficient factual matter,

21   accepted as true, to state a claim to relief that is plausible on its face" must be contained in the

22   complaint in order to survive a motion to dismiss under FRCP 12(b)(6). *See also, Richey v.*

23   *Dahne,* 807 F.3d 1202, 1207-1208 (9th Cir. 2015) (exploring the difference between frivolous, as

24

25

opposed to failure to state a claim, as a reason for dismissal under Section 1915); *McLean v. U.S.,* 566 F.3d 391, 396, 399-400 (4th Cir. 2009) (defining "frivolous" and distinguishing the dismissal of a claim on the basis that it is frivolous from the dismissal of a claim on the basis that it fails to state a claim).

There may be situations where a court should allow further inquiry beyond the face of the complaint to determine whether absolute prosecutorial immunity appropriately applies. *See Flagler v. Trainor,* 663 F.3d 543, 551-552 (2nd Cir. 2011) (Calabresi, J., concurring) (describing the prosecutorial absolute immunity standard and discussing the evaluation of a Section 1983 complaint in the context of Section 1915(g)). For example, if the allegations suggest that a prosecutor might have participated in investigative or administrative functions and therefore may not be absolutely immune from liability for damages, additional inquiry would be prudent.

It appears that the Ninth Circuit Court of Appeals has not yet issued an opinion on the precise issue of whether a complaint dismissed for prosecutorial immunity would constitute a strike under 28 U.S.C. § 1915(g). However, the Ninth Circuit has opined that absolute and qualified immunity, despite falling into the category of affirmative defenses, are legitimate reasons for dismissal under 28 U.S.C. § 1915A(b)(2), and 28 U.S.C. § 1915(e)(2)(B)(iii). *Chavez v. Robinson,* 817 F.3d 1162, 1168-69 (9th Cir. 2016). The Ninth Circuit has also ruled that where absolute prosecutorial immunity is apparent, a 12(b)(6) motion to dismiss for failure to state a claim is appropriate. *See Milstein v. Cooley*, 257 F.3d 1004, 1013 (9th Cir. 2001).

Other circuits have directly addressed the relationship between a Section 1915A/1915(e) absolute immunity dismissal and a Section 1915(g) dismissal for failure to state a claim. The United States Court of Appeals for the Eighth Circuit has held that a dismissal due to prosecutorial immunity does not count as a strike under 28 U.S.C. § 1915(g). *Castillo-Alvarez v.*

1    *Krukow*, 768 F.3d 1219 (8th Cir. 2014) (per curiam).  The United States Court of Appeals for the

2    Second Circuit has decided that a complaint dismissed on the basis of absolute prosecutorial

3    immunity may be considered a strike if it is dismissed as frivolous. *Collazo v. Pagano,* 656 F.3d

4    131, 134 (2d Cir. 2011)(per curiam).

5         The Third Circuit and the D.C. Circuit have held that Section 1915A and Section 1915(g)

6    enumerate different deficient claims, and that in order for a dismissal to constitute a strike, it

7    must satisfy one of the Section 1915(g) grounds explicitly.

8         The United States Court of Appeals for the Third Circuit has held that a claim subject to

9    absolute immunity may not be a strike because Congress did not include "absolute immunity" in

10   28 U.S.C. § 1915(g), even though Congress included immunity in Section 1915A. *Ball v.*

11   *Famiglio*, 726 F.3d 448, 460-462 (3rd Cir. 2013), *abrogated on other grounds by Coleman v.*

12   *Tollefson,* __ U.S. __, 135 S.Ct. 1759, 1763 (2015). Yet the Third Circuit also held that a

13   dismissal based on absolute immunity would be a strike if the district court accurately and

14   explicitly concludes that the immunity defense is revealed on the face of the complaint and

15   dismisses the complaint due to failure to state a claim. *Id.* at 463.

16        Similarly, the United States Court of Appeals for the District of Columbia has ruled that

17   there is no presumption that a dismissal pursuant to Section 1915A counts as a strike. *Thompson*

18   *v. DEA*, 492 F.3d 428, 439 (D.C. Cir. 2007)(rejecting the Government's argument that all

19   Section 1915A dismissals should be presumed strikes because Section 1915A includes immunity

20   dismissal, which is not covered by Section 1915(g)). Similar to the *Ball* holding, the *Thompson*

21   Court found that a dismissal that does not invoke Section 1915(g) will not be considered a strike

22   unless the dismissal resulted from a 12(b)(6) motion, or the court expressly states that the

23   dismissal is based on failure to state a claim. *Id.* at 440.

24

25

1    III.    <u>Dismissal for failure to state a claim in this case should be considered a strike</u>

2           The undersigned recommends that the specific reason for this dismissal should be

3 identified pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and § 1915A(b)(1)-(2) for failure to

4 state a claim upon which relief may be granted, and because of prosecutorial immunity. The

5 undersigned acknowledges that this dismissal may be interpreted as a strike under 28 U.S.C. §

6 1915(g), because the complaint is being dismissed on the merits for failure to state a claim.

7 *Chavez v. Robinson*, 817 F.3d at 1168-69; *Ball v. Famiglio*, 726 F.3d at 460.

8           In an order dated March 16, 2017, Magistrate Judge Strombom informed the plaintiff of

9 deficiencies in the complaint, and gave him the opportunity to attempt to cure them. A federal

10 district court dismissing an *in forma pauperis* complaint under 28 U.S.C. § 1915 must give

11 notice to the plaintiff of the deficiencies of his or her complaint and an opportunity to amend the

12 complaint. *See Lucas v. Dep't of Corr.,* 66 F.3d 245, 248-249 (9th Cir. 1995) (pro se litigant is

13 entitled to notice of the deficiencies in a complaint, and an opportunity to amend, unless it is

14 completely clear that the deficiencies cannot be cured); *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th

15 Cir. 2000) (en banc).

16           The Court ordered the plaintiff to either file an amended complaint curing the

17 deficiencies or file a response explaining why this matter should not be dismissed. Dkt. 5. The

18 Court warned that if the plaintiff did not file one of these documents by April 14, 2016, the

19 undersigned would recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and

20 the dismissal would count as a "strike" under 28 U.S.C. § 1915(g). *Id.* If the complaint is

21 dismissed under 28 U.SC. § 1915(g), it is considered a strike, regardless of whether it is

22 dismissed with, or without, prejudice.  *O'Neal v. Price,* 531 F.3d 1146 (9th Cir. 2008).

23

24

25

Mr. Alderman alleges in his complaint that he is suing only for damages. Dkt. 3 at p. 6. The allegations describe actions of the Pierce County Prosecutor's Office as an entity, and of each individual prosecutor. *Id.* at 4-5. All of the allegations pertain to decisions by the named individual prosecutors relating to bringing charges that were either allegedly fabricated or allegedly vindictive, and negotiating guilty pleas. The plaintiff argues that due to these actions by the individual prosecutors he was deprived of his federal constitutional rights to be free from being prosecuted for crimes he did not commit. *Id.* Even under a liberal interpretation of the complaint, this pro se plaintiff has failed to allege any acts or omissions that would plausibly fall outside the prosecutorial absolute immunity defense. *See Milstein v. Cooley, supra,* 257 F.3d at 1007, 1010-1013. Because the plaintiff has not, despite being given the opportunity, amended his complaint to allege any facts that would show that the entity or each prosecutor's activities were outside the scope of his or her authority and outside the scope of his or her quasi-judicial role, the complaint should be dismissed for failure to state a claim, and because on its face it is subject to prosecutorial immunity.

It appears that Mr. Alderman does not have any previous strikes, and therefore the determination of whether this dismissal counts as a strike under Section 1915(g) is somewhat premature. *See Belanus v. Clark,* 796 F.3d 1021, 1028 (9th Cir. 2015); and *Snider v. Melindez,* 199 F.3d 108, 115 (2nd Cir. 1999) (observing that the designation of a strike does not have an actual consequence until such time as a plaintiff attempts to file a lawsuit *in forma pauperis* after three strikes; yet a federal district court should identify for the record, for future clarity, whether the dismissal is because the claim is "frivolous," or "malicious," or "fails to state a claim," or the prisoner has failed to properly exhaust administrative remedies, or for another reason or combination of reasons). Nevertheless, the undersigned recognizes that it is important to achieve

clarity as to the specific reasoning for dismissal. *Knapp v. Hogan,* 738 F.3d 1106, 1110 (9th Cir. 2013) (confirming that a district court should, as a best practice, expressly state whether a dismissal falls into one of the categories that constitutes a strike and if so, the reasoning under Section 1915(g)).

<u>CONCLUSION</u>

This case should be dismissed with prejudice and without leave to amend. The Court should identify the precise reasons for dismissal, i.e., the complaint is dismissed on the merits for failure to state a claim, and is also dismissed because absolute prosecutorial immunity applies to the complaint on its face.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by FRCP 72(b), the Clerk is directed set this matter for consideration on **July 7, 2017**, as noted in the caption.

Dated this 16th day of June, 2017.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge